

179 WESTBURY AVENUE, CARLE PLACE, NEW YORK 11514  PHONE (516)334-4500  FAX (516)334-4501  WWW.SOKOLOFFSTERN.COM

LEO DORFMAN
LDORFMAN@SOKOLOFFSTERN.COM

August 7, 2014

**By ECF**
Hon. Lisa Margaret Smith
United States District Court
300 Quarropas Street
White Plains, New York 10601

          Re:    Lebron v. Furco, et al.
                   Docket No. 07 Civ. 1293 (LMS)
                   Our File No. 080081

Your Honor:

      We represent the Village of Spring Valley, the trustee defendants, and former Chief Furco in this case. We write to oppose plaintiff's belated request to depose Detective Edward Hughes. The addition of this deposition would place plaintiff well beyond the presumptive ten-deposition limit, and would do so without any real need or justification. A deposition of Detective Hughes is duplicative, not reasonably calculated to lead to the discovery of admissible evidence, and could serve no purpose but to drain litigation resources and harass police department personnel. We respectfully request that the Court deny the application.

      Plaintiff sets forth two purported reasons to depose Det. Hughes, but neither survives close scrutiny. First, plaintiff argues that Det. Hughes has discoverable information because he helped interview Edgar Mazariegos, a bar owner who <u>did not</u> provide incriminating information against plaintiff, <u>did not</u> testify against plaintiff at the criminal trial, and <u>did not</u> testify against plaintiff in the disciplinary proceedings. There is absolutely no connection between the officers' questioning of Mazariegos about Lebron and any subsequent action by the State Liquor Authority ("SLA") and the department. At some time, Mazariegos was interviewed; at some other time, the SLA served him with violations. There is no reason – beyond pure speculation – to suspect a connection.

      Even if there were such a connection, it would have no bearing on plaintiff's retaliation claim. It is undisputed that officers interviewed numerous people in their investigation of plaintiff. Some of them provided incriminating information and some did not. Retaliation against one of these individuals – even if true – would not make more or less likely the elements of plaintiff's claim: that he suffered some adverse action that was motivated by retaliation for protected speech. Any inquiry into his bar's SLA violations would be a distraction and a waste of discovery resources.

SOKOLOFF STERN LLP

Hon. Lisa Margaret Smith
August 7, 2014
Page 2 of 2

      Similarly wasteful is any deposition of Det. Hughes on the topic of Juan Carlos Benjumea. There is no dispute that Mr. Lebron took a civilian complaint from Mr. Benjumea, and that Mr. Benjumea later gave a statement that was inconsistent with that complaint. Lt. Robert Kleinertz, Det. Roxanne Lopez, and now-retired Det. Sgt. James Noble, among others, have already testified at length about Mr. Benjumea and the circumstances under which he provided the second statement. Moreover, plaintiff has a video recording of Mr. Benjumea providing that very statement. As such, any further deposition on this topic will be duplicative, wasteful, and harassing.

      Plaintiff has already far-exceeded the presumptive ten-deposition limit. The question now is not whether there is some conceivable reason to depose Det. Hughes, but whether there is sufficient reason to justify the burden and expense of additional deposition over that limit. Given that any testimony Det. Hughes could provide would be irrelevant or cumulative, the answer must be "no." We respectfully request that the Court deny plaintiff's application to depose Det. Hughes.

      Thank you for your consideration of this matter.

                                            Respectfully submitted,

                                                        /s

                                            Leo Dorfman

cc:    **By ECF**
        Francis X. Young
        Lance H. Klein
        William Kang