

**KEANE&BEANE** P.C.
ATTORNEYS AT LAW

■ **Main Office**
445 Hamilton Avenue
White Plains, NY 10601
Phone 914.946.4777
Fax 914.946.6868

■ **Mid-Hudson Office**
200 Westage Business Center
Fishkill, NY 12524
Phone 845.896.0120

August 11, 2014

LANCE H. KLEIN
Principal Member
lklein@kblaw.com
Also Admitted in NJ

VIA ECF

Honorable Lisa M. Smith, USMJ
The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
Southern District of New York
300 Quarropas Street
White Plains, NY 10601-4150

Re:   Lebron vs. Furco, et al., 07 CV 1293 (LMS)

Dear Judge Smith:

Keane & Beane, P.C. represents Defendant Paul Modica in the above referenced matter. We are in receipt of Plaintiff's letter dated August 4, 2014, wherein he requests permission from the Court to depose Detective Edward Hughes ("Det. Hughes"). We offer the following in opposition to Plaintiff's request.

On June 10, 2014, the Court ordered Plaintiff to submit a list of all individuals he wished to depose. Plaintiff provided a list of sixteen (16) individuals, notwithstanding the fact that he is limited to ten (10) depositions. Det. Hughes was not among the sixteen (16) individuals he requested to depose. As ordered by the Court, seventeen (17) days were scheduled for depositions, of which Plaintiff was granted fourteen (14) days to conduct his depositions. A conference room was scheduled for each of those days in our offices to conduct said depositions. However, Plaintiff only utilized eight (8) of those days, leaving six (6) full days when no depositions were conducted. On July 10, 2014, a full month after the Court's Order, Plaintiff informed Defendants that he planned to depose four (4) additional individuals, including Det. Hughes.

We respectfully submit that Plaintiff's request to depose Det. Hughes should be denied. Permitting Plaintiff to depose Det. Hughes would place him well beyond the ten (10) depositions to which he is entitled. Moreover, as noted in his letter, Plaintiff has long known of Det. Hughes' involvement in the investigation which resulted in the criminal and disciplinary charges against him as an entire section of his Complaint is dedicated to Det. Hughes, including the allegations related to Edgar Mazariegos ("Mr. Mazariegos") and Juan Carlos Benjumea ("Mr. Benjumea"). (*See* Complaint at Paras. 72-79). Also noted in his letter, Plaintiff is in possession of a video wherein Det. Hughes and Sergeant Detective James Noble ("Sgt. Det. Noble") interviewed



Mr. Benjumea in 2008. Plaintiff has been in possession of said video since his disciplinary hearing in 2009 (at the latest). Plaintiff chose to depose Sgt. Det. Noble but not Hughes. As Plaintiff was well aware of Det. Hughes' involvement in the investigation at the time he submitted his deposition list, but chose not to include him, he should not be permitted to belatedly add him to the list now.

In addition to the above, Plaintiff's request should be denied because the matters upon which he seeks to depose Det. Hughes have no bearing on his retaliation claims. Plaintiff has failed to provide any explanation as to how Det. Hughes' interactions with either Mr. Mazariegos or Mr. Benjumea are relevant to his retaliation claim. This is especially true with respect to Mr. Mazariegos, who did not provide any information during the investigation which resulted in any charges (criminal or administrative) against Plaintiff.

As noted by the Court on August 1, 2014, we assert that the matters upon which Plaintiff seeks to depose Det. Hughes are related to substance of his disciplinary proceeding as opposed to his retaliation claims. It is respectfully submitted that the instant litigation is not the proper forum for challenging whether the disciplinary charges against him were substantiated. Rather, the proper forum to challenge the result of his disciplinary proceeding is in state court pursuant to an Article 78 proceeding, which Plaintiff has already commenced and which is currently pending.

Based upon the above, it is respectfully submitted that Plaintiff's request to depose Det. Hughes and further exceed the ten (10) depositions to which he is entitled should be denied.

Thank you for your consideration of this matter.

Respectfully,

*Lance H. Klein /PP*

Lance H. Klein

LHK/
cc: Brian Sokoloff, Esq. (via ECF)
     Leo Dorfman, Esq. (via ECF)
     Francis Young, Esq. (via ECF)

*1352/67/471197v1*